UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
Seymour Wasserstrum
Law Office of Seymour Wasserstrum
205 W. Landis Ave
Vineland, NJ 08360
856-696-8300
MyLawyer7@aol.com

| In Re: | Case No.: | 19-22411 |
|---|---|---|
| Marla Webster | Chapter: | 7 |
| | Hearing Date: | 2/25/2020 |
| | Judge: | JNP |

# BRIEF IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL OF DEBTOR'S CHAPTER 7 BANKRUPTCY FILING

## ISSUE

The issue before the Court is whether the Debtor has established sufficient cause under §707 to warrant the dismissal of her Chapter 7 Bankruptcy.

## RULE

Unlike a Chapter 13, there is no unilateral, absolute right to the voluntary dismissal of Chapter 7 Bankruptcy filing. A debtor seeking dismissal of Chapter 7 filing must establish sufficient cause. Cause is not defined within the Code, and the brief list included with §707(a) is non-exhaustive. In Re Aupperle, 352 B.R. 43, 45 (2005). Instead where the debtor seeks to establish cause

for reasons not under §707(a) enumerated the Court generally consider: (1) Whether all parties have consented, (2) Whether the debtor has acted in Good Faith, (3) Whether dismissal would result in prejudicial delay in payment, (4) Whether dismissal would result in a reordering of priorities, (5) Whether the is another proceeding though which payment of claims can be handled; and (6) Whether an objection to discharge, objection to exemptions, or a preference claim is pending. <u>In re Aupperle</u> citing <u>In re Turpen</u>, 244 B.R. 431, 434 (6th Cir. BAP 2000). Dismissal should be granted in all but extraordinary situations. <u>In re Geller</u>, 74 B.R. 865, 689 (Bankr. E.D. Pa 1987). Whether good cause exists is in the sound discretion of the court; consequently a factually intensive inquiry is required in all cases where a Chapter 7 debtor seeks voluntary dismissal. *See* <u>In re Jabarin</u>, 395 B.R. 330, 337-9 (Bankr. E.D. Pa. 2008). *Also see* <u>In re Aupperle</u> 352 B.R. at 46, <u>In re Maloney</u>, 11-40584/JHW (letter opinion 2012).

## **ANALYSIS**

The Debtor, Marla Webster, is an Air Force Veteran who suffers from PTSD, works multiple jobs to support herself, and is a part-time caregiver for her aging mother who is in declining health. As a veteran Marla qualified for a VA mortgage, which was modified in 2013. She has suffered a number of financial hardships including divorce and multiple losses of employment. Marla sought protection of the Bankruptcy Code in order to restart her life. As requested by her counsel, Marla obtained a Comparative Market Analysis on her property, commonly known as 67 Glasgow Road, Williamstown, NJ 08094,

with a value of $152,000.00.[1] The following represents our liquidation analysis of the property based on the $152,000.00 figure that we believed the property to be worth.

| | |
|---|---|
| Value | $152,000.00 |
| Costs[2] | $19,760.00 |
| Net Value | $132,240 |
| Mortgage Payoff | $110,893.03 |
| Equity | $21,346.97 |
| Exemption amount | $21,279.00 ($25,125.00 as of April 1, 2019) |
| Unexempt Equity | $67.97[3] |

With collection activity imminent the Debtor requested her case to be filed without the CMA report available. Had counsel known that CMA value would return almost $20,000 above the initial estimate a Chapter 7 Bankruptcy would have been strongly advised against. It was the belief that the condition of the property rendered the fair market value sufficiently low enough to exempt the equity that caused this case to be filed. But for that erroneous assumption, this case would not have been filed as a Chapter 7.

Of the factors the Court should consider in its evaluation of the instant request: The Debtor filed her case in good faith, and with the good faith belief that her property was fully exempted under the Code, there is currently no other proceeding which implicates the instant matter, the reordering of priorities would not occur upon the dismissal

---

[1] Initial correspondence placed a value of $152,000.00 on this property, the actual value of the property subsequently submitted to counsel was higher.
[2] Representing estimated Realtor's fees, closing costs, and trustee commission.
[3] The remaining unexempt equity represents a dividend of less than 1% of known claims on E/F.

of this case, any prejudice the creditors have suffered would be undone by dismissing this case and revoking the discharge. If payments are not forthcoming said creditors may pursue their rights in state court, to the point of obtaining a judgement and filing the same within county clerk's property records.

Furthermore, the Debtor, with the assistance of her sister and the additional income from her mother, coupled with her prospect of future advancement in the workplace believes that she may settle her debts in some reasonable timeframe outside this instant proceeding.

Additionally, conversion under the Code to Chapter 13 would almost certainly result in default on her mortgage and the eventual loss of her home. In balancing the harms the creditors are no worse off by dismissing this case and undoing the discharge, they will either receive payment or take the Debtor to state court and collect judgements; conversely, if this case is not dismissed the Debtor will rendered homeless and suffer severe psychological harm.

## CONCLUSION

In conclusion, the Debtor has established sufficient cause to allow the Court to grant her motion to dismiss her case voluntarily. She proposes to repay her obligations away from a bankruptcy setting, asserting that no undue prejudice has occurred, that she has maintained candor and good faith before this Court, there will be no reordering of priorities, and that forced conversion to another chapter or to allow sale of her residence by the Trustee would cause irreparable harm to psychological state and future financial welfare.

**PRAYER FOR RELIEF**

WHEREFORE, Marla Webster, by and through her Counsel, asks this honorable Court grants the movant's motion for voluntary dismissal of her case.

Respectfully Submitted,

Seymour Wasserstrum, Esq.
Law Offices of Seymour Wasserstrum
Counsel for the Debtor