JOSEPH D. MARCHAND, ESQUIRE, TRUSTEE
117-119 West Broad Street
P.O. Box 298
Bridgeton, New Jersey 08302
(856) 451-7600
Attorney for Chapter 7 Trustee
(JM5998)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

IN THE MATTER OF:

Marla Webster,
    Debtor(s)

In Bankruptcy Proceeding:
Chapter 7
Case No. 19-22411/JNP

Brief Objecting to Motion For Voluntary Dismissal

## STATEMENT OF THE CASE

Debtor seeks to dismiss her case because of a misunderstanding of the value of her home at the time she filed her petition. In administering the case, the Trustee has determined that there is sufficient equity in the home to provide for 100% payment to creditors who have filed claims. Debtor claims she will repay all of her creditors after dismissal. She certifies to a new job and relatives with income to contribute to the household. Debtor's attorneys argue that if she was to convert to a Chapter 13, she would default on her mortgage and eventually lose her home.

## STATEMENT OF FACTS

The certification of the Trustee is incorporated herein and made a part hereof as if fully set forth herein at length.

1

**LEGAL ARGUMENT**

Courts have determined that 11 U.S.C. Sec. 707 (a) provides a vehicle for a Chapter 7 debtor to voluntarily dismiss a case under this section. In Re Turpen, 244 B.R. 431, 434 (8th Cir., BAP 2000) (Court can dismiss a Chapter 7 case after notice and a hearing and only for cause); In Re Hopkins, 261 B.R. 822, 823 (Bankr. E.D. Pa. 2001) (Motion denied where there was no evidence of Debtor's ability to repay creditors, resulting in prejudice); In Re Maxiner, 288 B.R. 815 (8th Cir. BAP 2003) ( Motion denied where Debtor did not show cause). Once a case is commenced, there is no absolute right to dismiss and a debtor must demonstrate why dismissal is justified. Turpen, at 434. Where cause is demonstrated, the motion should be denied if there is any showing of prejudice to creditors. Id. The court noted six factors generally considered by courts in reviewing motions to voluntarily dismiss: 1. Whether all creditors have consented, 2. Whether the debtor is acting in good faith, 3. Whether dismissal would result in prejudicial delay in payment, 4. Whether dismissal would result in a reordering of priorities, 5. Whether there is another proceeding through which the payment of claims can be handled, and 6. Whether an objection to discharge, an objection to exemptions, or a preference claim is pending. Id. The Turpen court ultimately ruled that no cause was shown where a delay of two years led to prejudice to creditors. In the case at bar, no creditor has consented to dismissal, there are no payment plans so any delay is unknown, the claims could be handled in a Chapter 13 but Debtor's attorneys have advised that she would default on her mortgage, and there is evidence of bad faith as outlined in the Trustee's certification. The debtor refused to allow the realtor back into the residence to take pictures and did not obey the court's order to cooperate and to call the realtor on his cell phone. No preference claims or objections have been filed. This case is slightly delayed due to lack of cooperation.

The court in In Re Jabarin, 395 B.R. 330, 337-338 (Bankr. E.D. Pa. 2008) (Debtor failed to disclose assets, discovered by Trustee, due to language difference) noted three lines of cases as suggested in In Re Coechner, 382 B.R. 311,334 (S.D. Texas 2007).  The first involves no dismissal if there is prejudice to creditors (Turpen, Hopkins, supra).  The second involves a consideration of what is in the best interest of the parties with an emphasis on prejudice to creditors (Aupperle, infra).  The third line of cases allows for motions to be freely granted unless it would cause "plain legal prejudice to creditors".  Although not cited by the Jabarin court, the case cited by Debtor of In Re Geller, 74 B.R. 865 (Bankr. E.D. Pa. 1087) would be in this third line of cases.  In the case at bar, the Debtor has gotten the benefit of the automatic stay in the face of "imminent collection activity" noted in Debtor's brief, at the expense of the creditors' ability to collect, for seven months.

The Jabarin court noted that all three lines of cases involve a balancing test similar to the factors cited in Turpen.  Jabarin at 338-39.  Two factors stood out to the court, the first is the good faith of the debtor, including the benefit received by operation of the automatic stay; and the second is prejudice to the creditors. A look at prejudice would include the length of the pending case, the proposed plan to repay, the loss of a motivated Trustee and a single forum for resolution of claims.  Id. at 340-341.  The court determined that the debtor's desire to preserve family property did not constitute cause for dismissal, *citing* In Re Cink, 2007 WL 601585 at #3; and that failure to present a viable or credible plan outside of the bankruptcy is critical to the decision.  The motion to dismiss was denied.

In, In Re Smith, 507 F. 3d 64, 72-73 (2d Cir. 2007) (Debtor moved for dismissal when her P.I. attorney was removed for incompetence) the court noted that the best interest of the debtor is a fresh start and the debtor was allowed to dismiss because a plan to immediately pay all creditors with interest was made. Id. at 74.

The debtor cites In Re Aupperle, 352 B.R. 43 (Bankr. D.N.J. 2005), a local case allowing voluntary dismissal, which cited the Turpen factors and found insufficient evidence in the record to support prejudice to creditors. In that case, the court noted that creditors were only projected to receive a fifty percent dividend on the home's sale. The court determined that if the case was dismissed, the creditors could receive a full recovery and that the debtor would not benefit from an exemption. Although the Aupperle court mentioned that no creditor opposed the motion in that case, the creditors would and should expect the Trustee to oppose and to represent their position as the Bankruptcy code provides.

The case at bar presents an extremely compelling argument for the debtor. Her health, her family situation, her hurried error in valuing the house, all present a dire scenario. What is not presented is a plan to pay the creditors in full – or at all. There is no fresh start for the debtor who would be fighting off creditors without the protection of bankruptcy. The debtor's attorney in their brief cite "imminent collection activity" as a reason for the quick decision to file the Bankruptcy Petition. In their brief the debtor's attorneys also note that the debtor would certainly default on her mortgage if she converted to a Chapter 13 – bringing into question her ability to pay all of her creditors upon dismissal. Those creditors would include those who have not filed claims in this case. Finally, if the bankruptcy is dismissed, there would be no exemption for the debtor.

The creditors themselves would not be in a single forum and would not be receiving an equal distribution – in this case 58% to100 % is possible. They would have to hire/rehire attorneys to pursue actions in state court, when they already had a Trustee representing their interests under the Chapter 7 laws.

Finally, to the extent that the Court does not agree with the Trustee, and dismisses the case, please note that the Trustee has put time and effort into administering this case, as required by the Bankruptcy Code, and should be compensated. Services were rendered to the debtor's Chapter 7 Estate in my capacity as Trustee & Attorney for Trustee. I believe I should be paid on a quantum meruit basis as Trustee at a rate normally charged by me as Attorney for Trustee of $380.00 an hour and travel time in the amount of $190.00 an hour. Case law supports payments to a Former Chapter 7 Trustee in such circumstances. See In re Colburn 231 BR 778 (Bankr D. Ore. 1999), and In re Collins 210 BR 538 (Bankr N.D. Ohio 1997).

Furthermore, I should be paid as an Attorney for Trustee rendering Attorney services to the Bankruptcy Estate at the aforementioned rate.

## **CONCLUSION**

For all of the foregoing reasons, it is respectfully submitted that the Debtor's motion to voluntarily dismiss her case should be denied as it would result in prejudice to the creditors who have filed claims and could receive a 58% to 100 % dividend. In the alternative, if the court rules in favor of the Debtor, it is respectfully requested that the Trustee and any professionals be compensated prior to dismissal in accordance with applications to be supplied and submitted to the court for approval.

                                                Respectfully Submitted,

Dated: February 10, 2020                                       /s/ Joseph D. Marchand
                                                                              Joseph D. Marchand, Esq.
                                                                              Attorney for Trustee