JOSEPH D. MARCHAND
*ATTORNEY AT LAW*
117-119 WEST BROAD STREET
P.O. BOX 298
BRIDGETON, NEW JERSEY 08302
(856) 451-7600     FAX (856) 451-6535

MEMBER OF NJ AND PA BAR

September 16, 2020                                      *Via CM/ECF*

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
U.S. Post Office & Courthouse
Camden, NJ 08101-2067

Re:     B/E/O:  Marla Webster
        Chapter 7 Bankruptcy, Case No. 19-22411/JNP
In re:  Response to Debtor's Attorney's Status Letter.

Dear Judge Poslusny:

    Please note that I am the Trustee in the above captioned matter and Attorney for Trustee and pursuant to the Court's recent direction Debtor's Attorney was given until September 14, 2020 to file a supplemental response to be considered by the Court. I was given 3 days to respond to same and am doing so by this letter. I wish to point out that the Debtor's Attorney in their September 14, 2020 letter fails to outline any plan as to how the Debtor plans to repay anybody.  The Court In re Jabarin, 395 B.R. 330 (Bankr. E.D. Pa. 2008) specifically stated that a failure to present a viable or credible plan outside of Bankruptcy is critical to the decision.

    The fact that the Debtor's Attorney is "currently negotiating" with the four largest claims adds nothing to any argument and does not amount to a plan.

    I recently came across a new case which I wish to draw to the Court's attention. In re Pinnick, 598 B.R. 206 (Bank. W.D.Pa. 2019) is a case remarkably similar to the case at bar and I would urge the Court to review same.  This was a situation where the facts showed there was a significant amount of equity in Real Estate and the liquidation of any Real Estate would be more than sufficient to satisfy the General Unsecured Claims which in that case were $15,959.08.  The Debtor was not able to show any ability to make monetary payments regarding said debts.  It was also a case where the Debtor clearly argued a mistaken belief that was maintained by the Debtor and her Attorney that the home would be protected by Bankruptcy.  The Court took note that in considering dismissing the case that there would be a loss of a motivated fiduciary(the Trustee) on behalf of the Creditors Pinnick @ 211.  In said case there were only four General Unsecured Creditors that had claims over $1,000.00 and none over $5,000.00.  The Court found it was unlikely that any Creditor would be sufficiently motivated enough outside of the Bankruptcy to seek payment from the Property Pinnick @ 211.  In comparison with

the case at bar there are ten Creditors and only one creditor has an amount which exceeds $5,000.00(Wells Fargo at $5,320.19). The Court went on to note that to eliminate the prejudice to the Unsecured Creditors the Debtor must possess a reasonable means to pay them all in full Pinnick @ 211.

It should also be noted that in Opposition to the Motion to Dismiss utilizing the Trustee's analysis that the Property was worth $220,000.00 and would result in a 100% payment to Creditors & Administration with $36,361.85 available to the Debtor as a surplus plus her exemption of $21,279.97.

I also wish to point out that Debtor's Counsel's letter does not reference any payment of Administrative expenses that have been incurred in this matter. Of course any award of same would be subject with the Trustee as well as Attorney for Trustee submitting Fee Applications which will go out on notice to all parties to which a party could file an objection. The Attorney for Trustee has spent 16.1 hours times an hourly rate of $380.00 an hour for a fee of $6,118.00 and Travel Time of 1.6 hours times an hourly rate of $190.00 an hour for a fee of $304.00 for a total of $6,422.00. Various expenses total $198.50 for a grand total of $6,620.50.

The Trustee is normally compensated by a commission however if a Dismissal was to be entered the Trustee would be entitled to hourly rate. See In re Colburn 231 BR 778 (Bankr D. Ore. 1999), and In re Collins 210 BR 538 (Bankr N.D. Ohio 1997). The Trustee has spent 3.6 hours times an hourly rate of $380.00 an hour for a fee of $1,368.00 plus expenses of $41.14 for a total of $1,409.14. The aforesaid amounts do not include the Attorney time in effectuating this response but were added up prior to same. In conclusion, I would assert there should be no supplementary second status conference or any more delays as this matter has been delayed already over six months.

I would request the Court proceed to rule on the Debtor's Motion to Voluntarily Dismiss the Bankruptcy as well as the Trustee's Cross Motion Compel Debtor to Comply with Order Court Dated January 7, 2020.

Most respectfully,

/s/ Joseph D. Marchand

Joseph D. Marchand, Esquire
Chapter 7 Bankruptcy Trustee

JDM:mmh
cc via CM/ECF:  United States Trustee's Office
cc via CM/ECF:  David Adler, Esquire(Attorney for Debtor(s))
cc via mail:    Marla Webster, Debtor